Edward P. Bielawa and Geraldine R. Bielawa v. Commissioner.
Bielawa v. Commissioner
Docket No. 84878.
United States Tax Court
T.C. Memo 1961-2; 1961 Tax Ct. Memo LEXIS 346; 20 T.C.M. (CCH) 13; T.C.M. (RIA) 61002; January 11, 1961
*346 Hart H. Spiegel, Esq., for the respondent. MURDOCK
Memorandum Opinion MURDOCK, Judge. This case was submitted on a stipulation of facts under Rule 30. A copy of the notice of deficiency is not attached to the petition but it is alleged in the petition and admitted in the answer that the taxes in controversy consist of a deficiency of $166.66 determined by the Commissioner for 1958. The only issue raised by the petition is, in effect, that the Commissioner erred in failing to allow a dependent exemption for Mary Bielawa, the mother of Edward. The petitioners filed a joint return for 1958 with the district director in Milwaukee, Wisconsin. They claimed thereon a dependency exemption for Mary Bielawa, mother of Edward. The petitioners resided at 4533 North 42d Street, Milwaukee, Wisconsin, during 1958, while Mary resided at 2471 North Pierce Street, Milwaukee, Wisconsin, during all of that year. Mary owned the house in which she resided. The petitioners contributed $1,194.20 during 1958 toward the support of Mary. Mary received $720 from a railroad retirement pension which amount she expended in her own support. She was the sole owner of the house in which she resided, *347 the fair rental value of which was $780 a year. No amounts were expended during 1958 for her support other than those shown above. The petitioners contend that the fair rental value of the house in which Mary lived and which she herself provided should not be included in computing her total support for 1958. This Court has held to the contrary in ; ; , and in numerous other cases. The Court must therefore decide on the stipulated facts in this case that Mary's total support for the year was $2,694.20, the $1,194.20 thereof supplied by the petitioners was not one-half and the Commissioner did not err in disallowing the deduction in controversy. The petitioners state in their brief that they "have provided numerous services such as painting, wall washing, carpenter and electrical repairs, transportation and entertainment to the dependent and are permitted to include only actual amount of money spent, not what the fair market value of the services might be." The fair market value of any services furnished Mary which could be considered a part of her support for the *348 year could be included in the total amount furnished by the petitioners but the present record contains no evidence on that subject and, consequently, this Court cannot do more than affirm the Commissioner's determination. Decision will be entered for the respondent.